## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI

**MICHAEL ANTHONY PORTER AND**
**MARVIN PORTER**                                          **PLAINTIFF**

**VS.**                                    CAUSE NO. 3:24-cv-85-CWR-FKB

**RANKIN COUNTY, MISSISSIPPI;**
**BRYAN BAILEY Individually, and in his official**
**capacity; AND**
**BRETT MCALPIN Individually, and**
**in his official capacity; AND**
**JEFFREY MIDDLETON**
**Individually, and in his official capacity; AND**
**UNKNOWN OFFICERS 1-10**
**Individually, and in their official capacity**                **DEFENDANTS**

## COMPLAINT
## (JURY TRIAL DEMANDED)

  **COMES NOW**, Michael Anthony Porter and Marvin Porter, in the above styled cause, by and through his attorney of record, and files this his *Complaint* against the Defendants Rankin County, Mississippi, Bryan Bailey, Brett McAlpin, and Jeffrey Middleton, and in support thereof would show unto the Court the following to-wit:

### PARTIES

1. Plaintiff is an adult resident citizen of Rankin County, Mississippi.

2. Defendant Rankin County is a Political Subdivision of Mississippi, and is charged with the duty to supervise, manage and control its Sheriff Department to prevent the violation of the civil rights of its citizens.

3. Defendant SHERIFF BRYAN BAILEY, at all times relevant herein, was the Sheriff of the RANKIN COUNTY Sheriff's Department, the chief law enforcement officer in RANKIN

COUNTY, with supervisory control over RANKIN COUNTY deputies. SHERIFF BAILEY is

hereby sued in his individual capacity as supervisor of the RANKIN COUNTY SHERIFF'S

DEPT. and in his official capacity.

4.       Defendant JEFFREY ARWOOD MIDDLETON ("Middleton ') was employed as

a Lieutenant with the Rankin County Sheriff's Office in Rankin County, Mississippi.

5.       Defendant BRETT MORRIS MCALPIN ("McAlpin") was employed as the Chief

Investigator with the Rankin County Sheriff's Office in Rankin County, Mississippi.

    a)  UNKNOWN OFFICERS 1-10 Individually, and in their official capacity.

## JURISDICTION

6.       This Complaint seeks, inter alia, damages pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A.

§ 1988 for violation of Plaintiffs civil rights and for related claims.

7.       Jurisdiction is founded on 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343. This Court has

supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C.A. § 1367.

## VENUE

8.       The acts or omissions giving rise to the Plaintiff's claims arose in Rankin County,

Mississippi. Thus, pursuant to 28 U.S.C.A. § 139l(b)(2), venue is proper in the Southern District

of Mississippi.

9.       The Defendant is legally responsible for the incident, unlawful conduct, injuries and

damages alleged by personally participating in the unlawful conduct, or acting or conspiring

with others to act, by authorizing, explicitly or implicitly, policies, plans, customs, practices,

actions or omissions that led to the unlawful conduct, by failing to take action to prevent the

unlawful conduct, by failing or refusing to initiate and maintain adequate training or

supervision, and thus constituting deliberate indifference to Plaintiffs rights, and by ratifying

the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

10.     In doing the acts and/or omissions alleged, Defendant acted under color of authority and/or color of state law at all relevant times.

11.     Defendant is vicariously liable for injuries proximately caused by the acts and/or omissions of its public employees.

12.     The violation of the Plaintiffs constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant Rankin County and other supervisory officials of Rankin County's Sheriff Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in the Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to, the causes of action included hereafter, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

## FACTUAL ALLEGATIONS

13.     On February 10, 2021, Plaintiffs Michael Porter and Marvin Porter were arrested and charged unlawfully, willfully, knowingly, feloniously, and intentionally sell, distribute, or transfer two (2) grams or more but less than ten (10) grams of Methamphetamine, a Schedule II controlled substance, to a person, in violation of Miss. Code Ann.§ 41-29-139, (1972 amended).

14.     The arresting officers, operating under color of law, used unnecessary and excessive force during the arrest, causing substantial injuries.

I.   **COUNT ONE—VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983, ET. SEQ., AS TO ALL DEFENDANTS AND INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES INJURIES AND DAMAGES AS TO ALL DEFENDANTS**

15.     Plaintiff hereby adopts and incorporates by reference all the allegations stated herein.

16.     Michael Porter and Marvin Porter's injuries and damages are the direct and proximate result of negligence and other alleged actions or inactions on the part of all Defendants herein.

17.     As a result, Plaintiff has suffered damages.

18.     Additionally, the acts, omissions, errors, failures, breaches, and conduct, including gross negligence and intentional misconduct, including, but not limited to, deprivation of Michael and Marvin Porter's rights under 42 U.S.C. § 1983, under Mississippi law and under the Federal Constitution, on the part of Defendants were willful and wanton in nature and exhibited a reckless disregard and deliberate indifference for the rights of Plaintiff, and, therefore, these actions, omissions, errors, failures, breaches, and conduct justify the award of punitive and/or exemplary damages, including all costs of court, attorney fees, and all damages contemplated by 42 U.S.C. § 1983, et. seq., Federal law and the laws of the State of Mississippi. Such an award of damages is just in this matter because Defendants, as listed herein, have clearly acted with actual malice, deliberate indifference and gross negligence, which evidences a willful, wanton, intentional and reckless disregard for the safety of others, including Michael and Marvin Porter.

**CLAIMS FOR RELIEF**

**First Claim for Relief - Depravation of Civil Rights**

19.     The Plaintiff re-alleges and incorporates by reference paragraphs I through 18, as though fully set forth here.

20.     At all times material hereto, Defendants were vested with authority and the non- delegable duty of adhering to, complying with, and enforcing the laws of the United States of America and

the State of Mississippi. Consequently, while acting under color of state law, Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Michael and Marvin Porter were violated. Specifically, Defendants engaged in a course of conduct that resulted in the violation of the Plaintiffs:

a)      right to equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi;

b)      right against unreasonable seizure pursuant specifically to the Fourth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 23 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

c)      right to procedural and substantive due process of the law specifically pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 14 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

d)      right to be free from cruel and unusual punishment pursuant specifically to the Eighth and Fourteenth Amendment to the Constitution of the United States of America and Article 3, § 28 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law; and

21.    The violations complained of in this Complaint for depravation of identifiable civil rights of  Michael and Marvin Porter, include, but are not limited to acts and/or omissions by the Defendants, both named and unnamed, to inflict pain, humiliation, and/or injury upon the Plaintiffs, with deliberate indifference to the immediate, grave, and serious violations of their

rights, all of which caused or contributed to the extremely prolonged and unjustified deprivation of Michael and Marvin Porter's rights to liberty and freedom, pursuant to 42 U.S.C. §1983. Additionally, the Defendants, both named and unnamed, failed to adequately train staff or hire properly trained staff, or receive proper training as to the proper arrest, imprisonment and prosecution of individuals in the custody of the governn1ent, all of which caused or contributed to the extremely prolonged and unjustified deprivation of Michael and Marvin Porter's sacred right to liberty.

22.    The Defendants bear a duty to exercise reasonable care in the hiring, training and supervision of their employees. This duty includes a responsibility to train officers in the proper procedures of arrest, searches, and imprisonment; a responsibility to train prosecutors in the proper prosecution of individuals; and a responsibility to train judges in the proper conviction of individuals. The Defendants breached each of the duties for failing to provide proper training to their agents, by failing to have appropriate procedures and protocols in places to ensure the adequate protection of civil rights, and by failing to supervise their staff. The Defendants also failed to update policies and failed to provide peer review or adequate supervision of their staff. These breaches directly and proximately resulted in the harms and damages alleged herein.

23.    At all times material hereto, the Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to governmental custom, usage or practice of these Defendants and their agents, representatives, and employees.

24.    As a direct and proximate consequence of the Defendants' aforementioned conduct, wherein such Defendants deprived Michael and Marvin Porter of certain rights guaranteed by the

Constitution of the United States of America and the Constitution of the State of Mississippi, Michael and Marvin Porter experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, the Defendant is liable for the deprivation of Michael and Marvin Porter's constitutional rights as outlined herein.

## Second Claim for Relief - Gross Negligence

25.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24, as though fully set forth here.

26.     The actions and/or inactions of Defendants, by and through their employee, servant, and/or agent when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of potential harm to Michael and Marvin Porter. Defendant had actual, subjective awareness of the risk, but nevertheless proceeded with reckless disregard and conscious indifference to the rights, safety or welfare of Michael and Marvin Porter.

27.     The actions and/or inactions in question constitute a reckless disregard for the rights and safety of Michael and Marvin Porter and others. As such, the actions and/or inactions of Defendant, by and through its employee, servant, and/or agent and other officers of the Rankin County Sheriffs Department constitute reckless disregard as the term is defined under Mississippi law. Because the Officers involved are employees, servants, and/or agents of the Defendant, the principle defendant is vicariously liable for the actions of the Officers' gross negligence at issue. As a result, Michael and Marvin Porter are entitled to the recovery of compensatory damages against the Defendant.

## Third Claim for Relief - Intentional Infliction of Emotional Distress

28.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27, as though fully set forth here.

29.     The actions and/or inactions of Defendants during the arrest and in the denial of Michael and Marvin Porter's civil rights were reckless, intentional, and so outrageous to such an extreme degree that it exceeded the bounds of decency and, this is not tolerated by a civilized community. Michael and Marvin Porter suffered reasonably foreseeable damages as a result of Defendants' conduct and should be compensated for this tort.

**DAMAGES**

30.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29, as though fully set forth here.

31.     As a direct and proximate result of the Defendants' actions and inactions, Michael and Marvin Porter have suffered and will continue to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court as set forth herein, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

32.     Michael and Marvin Porter have suffered out-of-pocket expenses which include attorney's fees, costs of court and other expenses. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced, and trebled damages. Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving damages and also to avoid unjust enrichment to Defendants. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law.

33.     The amount of damages suffered by Plaintiff is significant and continuing in nature. Plaintiff reserves the right to amend and state further with respect to their damages.

## PUNITIVE DAMAGES

34.    Plaintiff re-alleges and incorporates by reference paragraphs I through 33, as though fully set forth here.

35.    The incident at issue here is the Defendants charged and convicted Plaintiff with impersonating a police officer. Defendants never witnessed Plaintiff commit any crime(s) at any time which lead to the incident described herein. Defendants' actions were egregious and reckless, and it is Plaintiffs contention that punitive damages are all that can serve to deter Defendants egregious conduct.

## UNKNOWN OFFICERS 1-10 Individually, and in their official capacity

36.    Plaintiff re-alleges and incorporates by reference paragraphs I through 35, as though fully set forth here.

37.    Unknown officers 1-10 individually and in their official capacity committed acts, inactions, and conspired to conceal their identity with the above-named Defendants and acted in such a manner as to deprive the Plaintiffs of their civil rights as alleged within this complaint. Accordingly, unknown officers 1-10 individually and in their official capacity are liable to the Plaintiffs and outlined in this complained as if they were fully named herein.

## RIGHT TO AMEND PURSUANT TO FED. R. CIP. P. 15

38.    Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff reserves the right to name additional defendants should later facts establish that others are liable herein.

## JURY TRIAL DEMANDED

39.    Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs, Michael and Marvin Porter, prays for judgment of, from and against Defendants for reasons set forth herein. Further, Plaintiff

requests general damages as well as punitive damages (to the extent allowed under Mississippi and Federal law) against all of the Defendants named herein. Further, Plaintiff also prays for any and all other relief this Court deems necessary and appropriate in the interest of justice.

**RESPECTFULLY SUBMITTED,** this the 9th day of February 2024.

**PLAINTIFFS**

By: _/s/ Trentan Haycock_
       Trentan Haycock (MSB#106649)

Trentan Haycock (MSB# 106649)
Derek L. Hall, PC
370 Towne Center Blvd.
Ridgeland, MS 39157
Telephone (601) 202-2222
trent@dlhattorneys.com
**_Attorney for Plaintiff_**

## CERTIFICATE OF SERVICE

I, Trent Haycock, do hereby certify that a copy of the foregoing *Complaint* was filed using the Court's ECF system.

SO CERTIFIED, this the 9th day of February, 2024.

 /s/ *Trentan Haycock*
Trentan Haycock (MSB#106649)